FILED

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

10 JUN 11 AM 11: 12

CLERK
MIDDLE DISTRICT OF FLORIDA
FT. MYERS, FLORIDA

KATHLEEN MARGENAU,

    Plaintiff,

v.                                                    Case Number:

DEPUY ORTHOPAEDICS, INC.
an Indiana Corporation,

2:10-cv-369-FtM-36SPC

    Defendant.

_____/

## COMPLAINT FOR DAMAGES
## AND DEMAND FOR JURY TRIAL

Plaintiff, KATHLEEN MARGENAU, sues defendant DEPUY ORTHOPAEDICS, INC., a foreign corporation, and alleges:

1. This is an action for damages that exceed $75,000.00.

2. At all times relevant hereto plaintiff was a resident of Lee County, Florida.

3. At all times relevant to this action, defendant DEPUY ORTHOPAEDICS, INC. ("DEPUY"), was incorporated in the State of Indiana with its principal place of business in the State of Indiana.

4. Plaintiffs' damages in this matter accrued in Lee County, Florida.

5. At times relevant to this Complaint, defendant DEPUY regularly engaged in business in the State of Florida.

6. At all times relevant to this action, defendant DEPUY designed, manufactured, labeled, distributed, and sold the product at issue in this matter and instructed physicians regarding the advantages of and their method of implanting this product.

7. In 2005 defendant DEPUY began selling DePuy ASR® Acetabular Cup ("ASR Cups") in the United States to be used for total hip replacement surgeries.

8. At that time defendant DEPUY began an intensive campaign to promote the use of ASR Cups by orthopedic surgeons, including plaintiff's orthopedic surgeon Darrick Saunders, M.D.

9. Defendant DEPUY subsequently instructed and trained Dr. Saunders in the use of and implantation of ASR Cups.

10. Sometime prior to March 11, 2008, defendant DEPUY manufactured the DePuy ASR® Acetabular Cup, Ref No. 9998-00-762, Lot No. 2385346, in addition to other components, which were subsequently implanted into the body of KATHLEEN MARGENAU.

11. Using his training and instruction provided by DEPUY, on March 11, 2008, Dr. Saunders implanted a DePuy ASR® Acetabular Cup, Ref No. 9998-00-762, Lot No. 2385346, and other DePuy components, into the body of KATHLEEN MARGENAU at Cape Coral Hospital in Cape Coral, Florida.

12. Following the surgery, plaintiff's wounds healed without infection, x-rays showed the hip replacement to be properly positioned and affixed, and the hip replacement suffered no unexpected impacts.

13. Despite these ideal conditions for a hip replacement, following the surgery, KATHLEEN MARGENAU experienced pain and extreme weakness in her hip and quadriceps.

14. During this time, defendant DEPUY was aware of a high rate of failures of its ASR Cups, but did not provide this information to Dr. Saunders.

15. As a result of defendant DEPUY failing to provide this crucial information to plaintiff's orthopedic surgeon, Dr. Saunders had little reason to suspect that the source of plaintiff's ongoing pain and weakness was the result of the failure of the ASR Cup.

16. In February of 2009, after more than one year of the DEPUY hip replacement failing to properly function, plaintiff's orthopedic surgeon, Dr. Saunders, noted in his chart:

    > Ms. Margenau to go over the results of the lab work. As a quick review, she underwent total hip arthroplasty back in 03/08. She did very well for the first 3 months after surgery. She was walking well, did not appear to have any significant pain and was coming along nicely. She stated back in June she had walked 5 hours with her daughter and did not have any discomfort. Unfortunately about 8 months postop, she began to experience some hip pain after she stretched at the Wellness Center. Even since then she has had hip pain. Essentially her x-rays show that the components do not appear loose. I had a hip aspiration performed which did not show any evidence of infection. I had a bone scan which does not show any obvious evidence of loosening. She, however, continues to have this significant pain which is both in the hip and also down lower in the medial side of her knee. She is here to discuss her options. On examination, she is walking with a limp although she walks without any assistive devices. She continues to have lateral and groin pain on the left. This only occurs with weight bearing... I explained to Ms. Margenau that again the only other option we have would be to do an exploration, evaluate for possible loosening of the hip as well as the possibility of muscle tendon tear which may be leading to this discomfort. She would like to proceed but wants to wait until the end of March. We tentatively have her scheduled for surgery on 03/31/09.

17. On March 31, 2009, plaintiff underwent a revision surgery to remove the DePuy ASR® Acetabular Cup and replace it with another component.

18. In performing the revision surgery, Dr. Saunders, found that the DePuy ASR® Acetabular Cup had catastrophically failed, noting in the operative report:

    > Using the Zimmer acetabular component removing blade system, I circumferentially covered the acetabulum. I then banged on the acetabulum edge and the cup was loosened and removed. There was very little bone loss and **little ingrowth** seen in the component. I removed any excess tissue and then reamed to 53 mm.

19. Plaintiff recovered well from her revision surgery, presenting at her one year office visit with Dr. Saunders with well controlled pain and an active lifestyle.

20. Several months after plaintiff's revision surgery, DEPUY announced that it would be phasing out sales of the DePuy ASR® Acetabular Cup worldwide by the end of 2010 due to decreasing sales.

21. On March 6, 2010, DEPUY sent a letter to doctors warning that data from the Australian medical device registry showed that the DePuy ASR® Acetabular Cup had a higher-than-expected failure rate when used in traditional hip replacement, especially in patients of smaller statute such as women or patients with weak bones.

22. DEPUY did not provide this information in a timely manner and therefore the warning was too late to provide plaintiff's surgeon the valuable information needed to ensure proper care.

23. In an article published in the New York Times on March 10, 2010, Dr. Stephen Graves, the director of the Australian medical device registry, was quoted as saying that the data had shown for some time that the ASR had been failing early at a significantly higher rate than some competitors' devices. Of

the withdrawal of the ASR from the market by DePuy, Dr. Graves was quoted as saying "It is way too late."

24. The March 10, 2010, New York Times article also stated that:

> Several orthopedic specialists said that they believed the design of the ASR Cup, which is shallower than some similar devices, was at the heart of the implant's problem. For example, Dr. Harlan C. Amstutz, an orthopedic surgeon in Los Angeles and an implant designer who is a consultant for Wright Medical Technology, a competing orthopedic company, said he believed the design was prone to problems. "It may not be a Toyota, but it is not good" Dr. Amstutz said.

25. The March 10, 2010, New York Times article also quoted the DePuy ASR's co-developer, Dr. Thomas P. Schmalzried, an orthopedic specialist in Los Angeles, as saying that he and DePuy officials realized within the last two years that the ASR cup might be more of a challenge to implant properly than competing cups. "The window for component position that is consistent for good, long-term clinical function is smaller for the ASR," than for other cups, said Dr. Schmalzried.

26. The March 10, 2010, New York Times article also said that in early 2009, DePuy sent a brochure to doctors on the importance of proper cup positioning for all implants, but did not address any specific concerns about the ASR.

27. The DePuy ASR prosthesis was approved for sale in the United States by the U.S. Food and Drug Administration by means of an abbreviated process, based upon representations of DEPUY that the device was substantially equivalent to other devices previously approved by the FDA, and resultingly the device was not required to undergo clinical trials.

5

## COUNT ONE
## NEGLIGENCE OF DEPUY ORTHOPAEDICS, INC.

28. Plaintiff re-alleges paragraphs 1-27 as if fully stated herein.

29. Defendant DEPUY ORTHOPAEDICS, INC., as the manufacturer of the DePuy ASR® Acetabular Cup, owed a duty to plaintiff to exercise reasonable care in the design, manufacture, labeling, and distribution of the device to insure that it was fit for its intended use.

30. Defendant DEPUY, as the manufacturer of the DePuy ASR® Acetabular Cup, owed a duty to plaintiff to timely inform her orthopedic surgeon of the significant problems being experienced with the product.

31. Defendant DEPUY ORTHOPAEDICS, INC., in breach of the duties described above, negligently and carelessly designed, manufactured, labeled, and distributed the DePuy ASR® Acetabular Cup implanted in plaintiff.

32. As a direct and proximate result of the conduct of defendant DEPUY ORTHOPAEDICS, INC., the DePuy ASR® Acetabular Cup was unfit for its intended use and plaintiff needlessly suffered pain and weakness.

33. As a direct and proximate cause of this breach, plaintiff has suffered severe physical distress and injury, emotional distress and injury; incurred medical and other expenses; suffered shame, humiliation and the inability to lead a normal life; and she has suffered loss of enjoyment of life. Her injuries and losses are permanent in nature and plaintiff will continue to suffer such losses in the future.

WHEREFORE, plaintiff demands judgment against defendant DEPUY ORTHOPAEDIC, INC. for compensatory damages and any other relief the Court deems just and proper.

## COUNT TWO
## STRICT LIABILITY OF DEPUY ORTHOPAEDICS, INC.

34.  Plaintiff re-alleges paragraphs 1-27 as if fully stated herein.

35.  At the time that defendant DEPUY manufactured and sold the DePuy ASR® Acetabular Cup, it contained a defect that made it unreasonably dangerous and unfit for its intended use.

36.  The product reached plaintiff without substantial change in the condition in which it was sold.

37.  As a direct and proximate cause of this breach, plaintiff has suffered severe physical distress and injury, emotional distress and injury; incurred medical and other expenses; suffered shame, humiliation and the inability to lead a normal life; and she has suffered loss of enjoyment of life. Her injuries and losses are permanent in nature and plaintiff will continue to suffer such losses in the future.

WHEREFORE, plaintiff demands judgment against defendant DEPUY ORTHOPAEDICS, INC. for compensatory damages and any other relief the Court deems just and proper.

## COUNT THREE
## BREACH OF IMPLIED WARRANTY OF DEPUY ORTHOPAEDICS, INC.

38.  Plaintiff re-alleges paragraphs 1-27 as if fully stated herein.

39. Defendant DEPUY ORTHOPAEDIC, INC. designed, manufactured, labeled, distributed and sold the DePuy ASR® Acetabular Cup at issue in this case.

40. Defendant DEPUY ORTHOPAEDICS, INC. impliedly warranted that the product was reasonably fit for its intended use as a hip joint replacement system component.

41. Plaintiff was a foreseeable user of the product.

42. Plaintiff purchased the product from defendant DEPUY ORTHOPAEDICS, INC.

43. The product failed while being used for its intended purpose, causing injury to plaintiff.

44. As a direct and proximate cause of this breach, plaintiff has suffered severe physical distress and injury, emotional distress and injury; incurred medical and other expenses; suffered shame, humiliation and the inability to lead a normal life; and she has suffered loss of enjoyment of life. Her injuries and losses are permanent in nature and plaintiff will continue to suffer such losses in the future.

WHEREFORE, plaintiff demands judgment against defendant DEPUY ORHTOPAEDIC, INC. for compensatory damages and any other relief the Court deems just and proper.

## COUNT FOUR
## BREACH OF EXPRESS WARRANTY OF DEPUY ORTHOPAEDICS, INC.

45. Plaintiff re-alleges paragraphs 1-27 as if fully stated herein.

46. Defendant DEPUY ORTHOPAEDICS, INC. designed, manufactured, labeled, and distributed the DePuy ASR® Acetabular Cup at issue in this case.

47. Defendant DEPUY ORTHOPAEDICS, INC. expressly warranted by affirmation, promise, description, and sample that the product was reasonably fit for extended, safe use in a hip joint replacement system.

48. The above representations made by defendant DEPUY ORTHOPAEDICS, INC. was meant to directly or indirectly induce persons such as plaintiff and plaintiff's orthopedic surgeon to purchase the DePuy ASR® Acetabular Cup.

49. Plaintiff was a foreseeable user of the product.

50. Plaintiff purchased the product from defendant DEPUY ORTHOPAEDICS, INC.

51. The product failed while being used for its intended purpose, causing injury to plaintiff.

52. As a direct and proximate cause of this breach, plaintiff has suffered severe physical distress and injury, emotional distress and injury; incurred medical and other expenses; suffered shame, humiliation and the inability to lead a normal life; and she has suffered loss of enjoyment of life. Her injuries and losses are permanent in nature and plaintiff will continue to suffer such losses in the future.

WHEREFORE, plaintiff demands judgment against defendant DEPUY ORTHOPAEDICS, INC. for compensatory damages and any other relief the Court deems just and proper.

## COUNT FIVE
## STRICT PRODUCTS LIABILITY/DEFECTIVE DESIGN OF DEPUY ORTHOPAEDICS, INC.

53. Plaintiff re-alleges paragraphs 1-27 as if fully stated herein.

54. DEPUY ORTHOPAEDICS, INC. is the manufacturer and/or supplier of the DePuy ASR® Acetabular Cup and placed this device into the stream of commerce in a defective and unreasonably dangerous condition such that the foreseeable risks exceeded the benefits associated with the design and/or formulation of the DePuy ASR® Acetabular Cup.

55. The DePuy ASR® Acetabular Cup manufactured, marketed, distributed and/or supplied by DEPUY ORTHOPAEDICS, INC. was defective in design or formulation in that, when the medical device left the hands of the manufacturers and/or suppliers, the foreseeable risks exceeded the benefits associated with the design or formulation.

56. The DePuy ASR® Acetabular Cup was expected to and did reach Plaintiff KATHLEEN MARGENAU without substantial change in condition. Alternatively, the DePuy ASR® Acetabular Cup manufactured and/or supplied by Defendants was defective in design or formulation, because when the DePuy ASR® Acetabular Cup device left the hands of Defendants, the manufacturers and/or suppliers, the DePuy ASR® Acetabular Cup was unreasonably dangerous and more dangerous than an ordinary consumer would expect.

57. The DePuy ASR® Acetabular Cup was designed and/or manufactured in a manner violative of the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 321 et seq., and the Medical Devices Amendment thereto (hereafter ―FDCA ‖ ). The facilities or controls used by Defendants in the manufacture,

      packing, storage, or installation of the DePuy ASR® Acetabular Cup were not in conformity with applicable requirements of the FDCA.

58. The DePuy ASR® Acetabular Cup manufactured and/or supplied by DEPUY ORTHOPAEDICS, INC. was defective due to inadequate warnings and/or inadequate trials, testing and study, inadequate exposure of the real risks inherent with the drug as determined by the clinical trials, and inadequate reporting of the results of the clinical trials and post-marketing clinical experiences with the device.

59. The DePuy ASR® Acetabular Cup manufactured and/or supplied by DEPUY ORTHOPAEDICS, INC. was defective due to inadequate post-marketing warnings or instructions because, after DEPUY ORTHOPAEDICS, INC. knew or had reason to know of the risk of injury from the DePuy ASR® Acetabular Cup, it failed to provide adequate warnings to the medical community, patients, and the public, including Plaintiffs, and continued to promote and advertise the DePuy ASR® Acetabular Cup as safe and effective.

60. The DePuy ASR® Acetabular Cup was designed, manufactured, distributed, tested, sold, marketed, and advertised defectively by DEPUY ORTHOPAEDICS, INC. As a direct and proximate cause of DEPUY ORTHOPAEDICS, INC.'s defective design of the DePuy ASR® Acetabular Cup, Plaintiff and other patients had the device implanted in their bodies, and suffered and will continue to suffer increased risk of long-term complications and pain and additional surgeries, personal injuries, the need for corrective surgery, and pain and suffering.

61. DEPUY ORTHOPAEDICS, INC. was or should have been in possession of evidence demonstrating that the DePuy ASR® Acetabular Cup caused serious injuries and would fail. Nevertheless, DEPUY ORTHOPAEDICS, INC. continued to market the device by providing false and misleading information with regard to the safety and efficacy of the DePuy ASR® Acetabular Cup.

62. DEPUY ORTHOPAEDICS, INC.'s actions, as described above, were performed willfully, intentionally and with reckless disregard for the rights of Plaintiffs, other patients and the public.

63. As a result of DEPUY ORTHOPAEDICS, INC.'s conduct, Plaintiffs suffered losses, injuries and damages specified herein.

WHEREFORE, plaintiff demands judgment against defendant DEPUY ORTHOPAEDICS, INC. for compensatory damages and any other relief the Court deems just and proper.

## COUNT SIX
## STRICT LIABILITY FAILURE TO WARN AND INSTRUCT OF DEPUY ORTHOPAEDICS, INC.

64. Plaintiff re-alleges paragraphs 1-27 as if fully stated herein.

65. At all relevant times hereto, Defendants were engaged in the development, testing, manufacturing, marketing and sales of the DePuy ASR® Acetabular Cup. Defendants designed, manufactured, assembled and sold the DePuy ASR® Acetabular Cup to medical professionals and patients knowing that they would then be implanted in patients in need of hip prosthesis.

66. Defendants distributed and sold the DePuy ASR® Acetabular Cup in the condition in which it left its place of manufacture, in its original form of manufacture, which included the defects described herein. The DePuy ASR® Acetabular Cup was expected to and did reach Plaintiff KATHLEEN MARGENAU without substantial change or adjustment in its condition as manufactured and sold by Defendants.

67. The DePuy ASR® Acetabular Cup designed, developed, tested, manufactured, marketed and sold or otherwise placed into the stream of commerce by Defendants was in a dangerous and defective condition and posed a threat to any user or consumer of the DePuy ASR® Acetabular Cup. Plaintiff was and is in a class of persons that Defendants should have considered to be subject to the harm caused by the defective nature of the DePuy ASR® Acetabular Cup.

68. The DePuy ASR® Acetabular Cup was implanted and used in the manner for which it was intended. This use has resulted in severe physical and emotional and other injuries to Plaintiff.

69. Defendants knew or should have known through testing, adverse event reporting, or otherwise, that the DePuy ASR® Acetabular Cup created a high risk of bodily injury and serious harm. Defendants failed to provide adequate and timely warnings or instructions regarding the DePuy ASR® Acetabular Cup and its known defects. Defendants failed to advise patients like KATHLEEN MARGENAU that monitoring of the cup was necessary to avoid

long and painful period, where the device failure would go undetected – as it did here.

70. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff KATHLEEN MARGENAU has sustained and will continue to sustain severe physical injuries, severe emotional distress, mental anguish, economic losses and other damages. As a direct result, Plaintiffs expended money and will continue to expend money for medical bills and expenses. Plaintiff has lost her ability to earn wages and will suffer a significantly impaired earning capacity far into the future. Plaintiffs are entitled to compensatory damages in an amount to be proven at trial.

WHEREFORE, plaintiff demands judgment against defendant DEPUY ORTHOPAEDICS, INC. for compensatory damages and any other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

71. Plaintiff demands a jury trial on all issues triable.

_____
Altom M. Maglio
Florida Bar Number 88005
Attorney for Plaintiff Kathleen Margenau
**MAGLIO CHRISTOPHER TOALE & PITTS LAW FIRM**
1751 Mound Street, Second Floor
Sarasota, FL 34236
Phone 941.952.5242
Fax 941.952.5042
E-mail: amm@mctplaw.com

15

Brian Franciskato (*pro hac vice* application pending)
**NASH & FRANCISKATO LAW FIRM**
2300 Main Street
Kansas City, MO 64108
Phone 816.221.6600
Fax 816.524.5821

Gregg J. Borri (*pro hac vice* application pending)
**GREGG J. BORRI LAW OFFICES**
61 Broadway, Suite 2820
New York, NY 10006
Phone 212.980.8866
Fax 212.208.0969